## HENRY M. COX

### v.

## ANNA S. GRUVER et al.

Lands were sold by a third person to defendant's wife, who is alleged to have
purchased with the husband's money, and to hold the premises in trust for
him.   Complainant recovered a judgment at law against defendant and levied
on the premises and bought them at the sheriff's sale.   Thereafter he entered
into possession and attempted to occupy and cultivate them.—*Held*, that this
court would not enjoin an action of trespass brought by defendant's wife
against him.

On motion to dissolve injunction.

*Mr. John H. Dahlke*, for the motion.

*Mr. J. G. Shipman, contra.*

BIRD, V. C.

The complainant recovered a judgment against the defendant
John H. Gruver, upon which execution was issued, a levy made
by the sheriff upon the lands described in the bill, and a sale made

to the complainant, which was perfected by the delivery of the sheriff's deed. The complainant entered upon the premises, claimed possession, and commenced cultivating them. Anna, the wife of the debtor, brought an action of trespass against the complainant, to restrain which this bill is filed. Anna and her husband have answered. The bill charges that although the title to the land was taken in the name of the wife, the consideration-money was the husband's, giving in detail many circumstances corroborative thereof.

The answer denies every material allegation in the bill, and insists that the consideration paid was the wife's, and hers only.

I would, unhesitatingly, advise that the injunction be removed if the complainant, should he prevail in his defence in law, could have complete relief in that court. That the question of fraud can be investigated in the court of law admits of no doubt, but it is quite clear that the remedy in this case is in equity. Depue, J., in *Mulford* v. *Peterson, 6 Vr. 127,* says : " Courts of law and courts of equity have concurrent jurisdiction over frauds, under the statute concerning fraudulent conveyances. In cases where the legal title to the property is such that it cannot be seized under execution, resort to equity is necessary, as where the legal title has never been in the debtor, having been conveyed by a third person directly to another, in secret trust for the benefit of the debtor, with a design, fraudulently, to secure it from his creditors. But where the legal title has been in the debtor, so as to be subject to execution at law, and might be made available for the satisfaction of the debt, if the fraudulent conveyance had not been interposed, the creditor or a third person having taken title under a sheriff's sale, may bring ejectment, and avoid the fraudulent conveyance by proof of the illegal purpose for which it was made."

As is stated above, the title passed from third persons directly to the wife, who, it is alleged, holds it in secret trust for her husband, the debtor, he never having had the title in himself.

In such case where does the complainant stand under his judgment, sale, purchase and deed from the sheriff? Did he purchase anything? Nothing whatsoever. The proceedings

were purely legal, while the interests of the defendant in the property, if any he had, were purely equitable, which cannot be reached by proceedings purely legal. His sale was an idle and useless ceremony. His judgment could only be enforced by the aid of this court. Evidently, therefore, the complainant prematurely sought to take possession of the premises. Could he have done so peaceably, as he claims he did? Judging of the case from this standpoint, it would seem to follow, however strong the equitable rights of the complainant may appear to be, that he has not yet so far established them against the legal owner of the title as to constitute a bar to an action of trespass by such owner. Where the legal title has never been in the judgment debtor, but is held by a third person in trust for him, the creditor can take no proceedings at law until he has established, in a court of equity, the fact that the title is so held in trust; nor can he, until such event, make defence at law under any claim of title on his judgment against any proceedings by the person holding the legal title, which things being so, this court cannot help him by injunction against such person so holding the legal title.

I will advise that the injunction be dissolved, with costs.